**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                            **CASE NO: 6:14-cr-217-Orl-31DAB**

**THOMAS S. JACKSON**

**ORDER**

This matter is before the Court on the Motion by Thomas S. Jackson ("Jackson") to dismiss the Indictment against him (Doc. 29), the government's memorandum in opposition (Doc. 46), and Jackson's Reply (Doc. 51).   This case is set for trial on the Court's October docket.

From 1997 until May 28, 2010, Jackson was the Chief of Police for the City of Longwood, Florida.   During the relevant time period, Longwood was the recipient of federal grant money in excess of $10,000 per year.

In Count I of the Indictment (Doc. 1), it is alleged that from April 2007 until October 2011, Jackson conspired with Samer S. Majzoub ("Majzoub") to accept bribes in excess of $5,000 in exchange for appointing Majzoub as a member of the Longwood Police force.1   The government contends that the conspiracy violates 18 U.S.C. Sec. 666(a)(1)(B) as to Jackson (bribery of a federally-funded government official), 18 U.S.C. Sec. 922(g)(1) (possession of a firearm by a convicted felon) and 18 U.S.C. Sec. 1343 and 1346 (fraudulent scheme to deprive the public of honest services).   Doc. 1, p. 2 ¶ 7.   In paragraphs 8-22, the Indictment sets forth the manner and

---

[1] Majzoub is a fugitive.   According to the government, he is aware of the indictment but has elected to remain outside the country in an effort to avoid prosecution (Doc. 46, fn. 1).

means of the alleged conspiracy, and in paragraph 23, the over acts committed in furtherance thereof.[2]  In paragraph 4, the Indictment states:

> SAMER S. MAJZOUB is a convicted felon due to a conviction in federal court of a felony offense.  As a result of his prior federal felony conviction, SAMER S. MAJZOUB is prohibited from possessing a firearm or ammunition.  Under Florida law, a convicted felon is not eligible to be employed or appointed as a law enforcement officer in Florida.

In his motion, Jackson contends that this is an incorrect statement of the law; that the Indictment was predicted on this misstatement, which undermines the validity of the Indictment.

Contrary to Defendant's contention, the Indictment is not predicated upon whether Majzoub was legally eligible to become a police officer in Florida.  Rather, the underlying issue was Majzoub's desire to become a police officer, the legal problems that posed an impediment thereto and Defendant's illegal efforts to avoid or overcome those problems.[3]  The Indictment fully and fairly describes the motivation of Defendants, the manner and means employed by them, and the overt acts carried out in furtherance of their scheme to employ Majzoub as a Longwood police officer.  When read in the context of the entire Indictment, paragraph 4 is neither inaccurate nor misleading.  Accordingly, there is no error in the Indictment that would warrant dismissal.  It is therefore

**ORDERED** that Defendant's Motion is DENIED.

---

[2] The Indictment also alleges three substantive bribery offenses committed by Jackson in 2009 and 2010.  Doc. 1, paragraph 24-25.

[3] Paragraph 4 is a reasonably accurate summary of that problem.  Majzoub is a convicted felon and as a result, he is prohibited from possessing a firearm.  Also, under Florida law, a convicted felon is not eligible to be employed as a police officer.  Gov. Bush's partial pardon does not undermine his federal conviction and the FDLE never certified Majzoub's eligibility.

**DONE** and **ORDERED** in Orlando, Florida on August 11, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant